**STATE OF HAWAII**, Plaintiff–Appellee, v. **HARRY J. LABORDE**, Defendant–Appellant

NO. 13510

(FC–CR. NO. 88–2883)

OCTOBER 31, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for refusal to comply with the lawful order of a police officer in violation of HRS § 709–906(1) and (4). Those statutory provisions are as follows:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member,

or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member may, upon request, transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

. . . .

(4) Any police officer may, with or without a warrant, take the following course of action where the officer has reasonable grounds to believe that there was recent physical abuse or harm inflicted by one person upon a family or household member, whether or not such physical abuse or harm occurred in the officer's presence:

(a) The police officer may make reasonable inquiry of the family or household member upon whom the officer believes recent physical abuse or harm has been inflicted and other witnesses as there may be; and

(b) Where the police officer has reasonable grounds to believe that there is probable danger of further physical abuse or harm being inflicted by one person upon a family or household member, the police officer may lawfully order such person to leave the premises for a cooling off period of twelve hours; and

(c) All persons who are ordered to leave as stated above shall be given a written warning citation stating the date, time, and location of the warning and stating the penalties for violating the warning. A copy of the warning citation shall be retained by the police officer and attached to

a written report which shall be submitted in all cases. A third copy of the warning citation shall be given to the abused person; and

(d) If the person so ordered refuses to comply with the order to leave the premises or returns to the premises before the expiration of twelve hours, the person shall be placed under arrest for the purpose of preventing further physical abuse or harm to the family or household member.

Appellant contends that the court below committed plain error in finding sufficient evidence to convict him of violating the section charged. We agree.

The testimony of the police officer who issued the warning was that he was called to the premises where appellant and girl friend were present, met the girl friend downstairs, she recited that the appellant had hit her, the police went up to the apartment, knocked on the door and appellant let them in. As the police officer testified:

I initially placed him under arrest for Abuse of a Household Member due to the injuries.

At that point I wanted to issue a twelve hour warning for the fact that I did not want him to return for twelve hours and let him cool off.

And he was — at that point he did refuse to — to sign it so he was also placed under arrest for refusing to sign — refusing to leave for twelve hours.

In order to constitute the crime that appellant was charged with, the State must prove either that the appellant refused to leave the premises or that he returned to the premises within the twelve-hour period.

It is obvious that the officer, in his testimony, got it right the first time. The second arrest was because the appellant refused to sign the warning document, not because he refused to leave the

premises. Obviously, he could not leave the premises since he was already under arrest.

Equally obviously the statute does not require appellant to sign the warning form, and it is not a crime to refuse to do so.

The State could have prosecuted appellant for physical abuse under HRS § 709–906(1), first clause. For some reason, it chose not to do so.

The policeman was wrong in arresting the appellant for refusal to comply, the prosecution was wrong in prosecuting him for refusal to comply, and the judge below was wrong in convicting appellant of refusal to comply. The fact that the policeman was annoyed with the appellant for refusing to sign the warning form does not convert that refusal into a crime, nor does it justify either the prosecution or the conviction.

Reversed.

*Arthur Indiola* (*Mary Helen Wong* on the brief), Deputy Public Defenders, for appellant.

*Wallace Weatherwax* (*Dean T. Kauka* on the brief), Deputy Prosecuting Attorneys, for appellee.