**STATE OF HAWAII**, Plaintiff–Appellee, v. **ALLAN V. TRIPP**, Defendant–Appellant

NO. 13864

(FC–CR. NO. 88–3134)

JULY 16, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

After a jury trial, Defendant–Appellant Allan Von Tripp was found guilty under Hawaii Revised Statutes (HRS) § 709–906 (1986 & Supp. 1989), Abuse of Family and Household Members. HRS § 709–906 reads in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

For the purposes of this section, "family or house- hold member" means spouses or former spouses, parents, children, and persons jointly residing or formerly resid- ing in the same dwelling unit.

Tripp appeals claiming that: (1) the statute is unconstitutional as vague and overbroad in its definition of family and household members; (2) there was insufficient evidence showing Tripp and victim Jackie Burke fell within the statute's definition of family and household members to support the conviction; and (3) the trial court erred in not allowing the use in evidence of the victim's Department of Human Services (DHS) records. We think that none of these claims of error is persuasive and affirm the conviction.

### I.
### A.

Victim Jackie Burke testified that Tripp punched her five or six times in the head. This incident occurred November 21, 1988, in the parking structure of the Kapiolani Medical Center, where Burke, who was pregnant and overdue for delivery, was going for a

ceasarean delivery. Burke sustained injuries including a cut on the head requiring stitches; a bloody nose; swelling and tenderness of the right eye, cheek, and lip; and a scrape to the right knee. Other witnesses partially corroborated Burke's story, although none saw the assault itself.

In his own defense, Tripp testified that he accompanied Jackie Burke to the hospital; he did not strike her as she testified but that she accidentally fell.

## B.

The issues of interest for this appeal involve the question of whether Tripp and Burke were family and household members under HRS § 709–906 as persons formerly residing in the same dwelling unit.

Victim Burke testified that she and Tripp lived together from December 1987 until March 1988 in a Kahala house at 744 Onaha Street. Burke was taking care of the house for an owner who was on the mainland at the time. Burke testified that Tripp kept clothes there, did laundry there, had meals there, and slept there, and that these activities occurred on a continuous basis. During this time, Burke became pregnant.

On cross–examination, when asked where her permanent residence was at the time, Burke said she used 2613 Gardenia Street, her grandfather's house, as a residence address, but she also used 744 Onaha. She used different addresses for different purposes. She had the majority of her belongings at 744 Onaha, but she also stored things at 2613 Gardenia.

Tripp testified that he lived, during the relevant time, at 2233 Anianiku Street, his sister's house. Tripp said that he stayed only three days a week at the Onaha Street house.

Tripp wanted to introduce into evidence Burke's DHS records: (1) to establish that Burke's actual residence was at 2613

Gardenia Street and not at 744 Onaha Street; (2) to establish that she had applied for welfare benefits between December 1987 and March 1988 based on a household that did not include Tripp as a household member; and (3) to impeach the credibility of Burke by directing attention to Burke's receiving welfare benefits at one address while she resided at another address. The State Attorney General brought a motion to quash the subpoena of the DHS records. The court rejected the argument that such records are protected by an absolute privilege against disclosure and ordered the records to be disclosed to the court for an *in camera* review. After an *in camera* inspection, the court ruled the records would not be admitted as irrelevant and impeachment on collateral matters.

## II.
### A.

We hold, first, that the statute is constitutional. We reject Tripp's arguments that the statutory definition of household and family members is vague and overbroad.

Due process of law requires that a penal statute state with reasonable clarity the act it proscribes and provide fixed standards for adjudging guilt, or the statute is void for vagueness. *State v. Kameenui*, 69 Haw. 620, 622, 753 P.2d 1250, 1251 (1988). Statutes must give the person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may choose between lawful and unlawful conduct. *Id.*

The statutory definition of family and household member reads: "For the purpose of this section, 'family or household member' means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit."

The statute is reasonably clear and provides sufficient notice when we apply a plain reading to the definition.

Tripp's overbreadth argument is completely meritless. One who alleges that a statute is unconstitutionally overbroad, other than a statute affecting the freedom of expression, must be directly affected by the claimed overbroad aspects. *State v. Kaneakua*, 61 Haw. 136, 143–44, 597 P.2d 590, 594 (1979). The acts the jury concluded Tripp committed are not constitutionally protected.

### B.

Second, we hold that there was sufficient evidence that Tripp and Burke were household members under the statute as persons formerly residing in the same dwelling unit. On appeal the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the state, there is substantial evidence to support the conclusion of the trier of fact. *State v. Tamura*, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight of the evidence. *State v. Tamura*, 63 Haw. at 637–38, 633 P.2d at 1117. Although the facts that Burke and Tripp had used another person's house rent free without any certainty that they would be allowed continued use and only for the short period of less than fourteen weeks weigh against finding that Burke and Tripp resided together, Burke's testimony is substantial evidence that Tripp and Burke formerly resided in the same dwelling unit. The jury apparently accepted her version.

### C.

Third, we hold that the trial court did not err in not admitting the use in evidence of Burke's DHS records which the court reviewed *in camera*. Upon review of the record, we conclude both the court's procedure and its substantive rulings under the Hawaii Rules of Evidence were correct. We find no abuse of discretion.

Affirmed.

Alvin Kaohu Nishimura (*Lynette Mah Matsushima* on the brief), Deputy Public Defenders, for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.