**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **HERBERT WONG**, Defendant–Appellant

NO. 15481

(FC–CR. NO. 90–1932)

November 12, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

This case commenced when the State of Hawai'i's (State) April 24, 1990 complaint filed in the family court charged defendant Herbert Wong (Wong) with the Abuse of Family and Household Members, Hawai'i Revised Statutes (HRS) § 709–906 (1985 and Supp. 1992), a misdemeanor. HRS § 571–14 (Supp. 1992) gives the family court the exclusive original jurisdiction over HRS § 709–906 cases.

On May 29, 1990, Wong filed a "Motion for Order for Preliminary Investigation and Such Adjustment as is Practicable Without Criminal Prosecution" (May 29, 1990 Motion) pursuant to HRS § 571–42 (1985). The family court's June 26, 1990 order (June 26, 1990 Order) purported to grant Wong's May 29, 1990 Motion but it did so after he pled guilty as charged and upon the following conditions:

> Defendant is referred to Child & Family Service for anger [management and] family counseling, and shall participate in counseling and/or treatment until discharged. Defendant

shall contact said agency within two (2) weeks from this date. Service providers shall provide to the Prosecuting Attorney's Office a written report. Defendant shall remain arrest and conviction free for a period of one (1) year.

On May 22, 1991, the State filed a Motion for Revocation of Informal Adjustment and Resentencing, noting that Wong had failed to comply with the conditions. On July 9, 1991, the family court revoked its June 26, 1990 Order, sentenced Wong to two days in jail, and ordered him to report within two weeks to Child and Family Services (CFS) for counseling and/or treatment until clinically discharged (July 9, 1991 Order). Wong appeals this July 9, 1991 Order.

We conclude, *sua sponte*, that: (1) contrary to its title, the June 26, 1990 Order was not an informal adjustment order; (2) the June 26, 1990 Order was a deferred acceptance of a guilty plea; (3) the family court was not authorized to defer its acceptance of Wong's guilty plea; and (4) Wong entered his guilty plea pursuant to an agreement with the State and based on his reasonable but mistaken understanding that the family court was authorized to do what it did. Therefore, we (1) vacate Wong's guilty plea and the family court's June 26, 1990 Order; (2) reverse the July 9, 1991 Order; and (3) remand for further proceedings consistent with this opinion.

## BACKGROUND

On June 26, 1990, Wong pled guilty as charged as follows:

[DEPUTY PUBLIC DEFENDER]: Your Honor, at this time on consultations with my client and with the Prosecutor, Mr. Wong will be entering a change of plea from not guilty to guilty.

Furthermore, we would be advancing the Motion for Preliminary — Motion for Informal Adjustment, excuse me, your Honor.

* * *

[PROSECUTOR]: Based upon conversations with the complainant and other family members, your Honor, the State has no objection to the motion.

* * *

[THE COURT]: And in this situation was there any serious bodily injury involved?

[PROSECUTOR]: No. There were not.

I believe there were scratches to — to the victim[']s neck area.

THE COURT: And is there any past history of — or history of (indiscernible) . . . .

[PROSECUTOR]: He has indicated that this was the first physical altercation that he and his brother had gotten in to.

THE COURT: Still residing in the same location?

[PROSECUTOR]: Yes. They are.

* * *

June 26, 1990 Transcript at 2–4.

The judge then questioned Wong in relevant part as follows:

Q    And you understand the agreement reached between your Attorney and the Prosecutor?

A    Yes.

\* \* \*

Q    You understand that the agreement is not binding on the Court, the Court makes no promises to follow the agreement? Do you understand that?

A    Yes.

\* \* \*

THE COURT:    Do you understand the charge, sir?

MR. WONG:    Yes.

THE COURT:    To that charge what is your plea, guilty or not guilty?

MR. WONG:    Plead guilty.

\* \* \*

THE COURT:    What happened that led you to believe you're guilty?

MR. WONG:    Basically, I was in the living room and my mom — my brother was in the bedroom. My mom scolded my brother for — for something — for eating his dinner on the bed or — and leaving his juice on the radio. He replied by yelling at her, literally swearing at her in Chinese very loudly.

I didn't like that, so I told him, you know, calm down, don't — don't yell at my mom. And then he starts yelling at me. So, things got heated and we confronted each other. He started kicking me and then I threw a punch at him.

THE COURT:    All right.

Based upon the same the Court is finding (indiscernible) . . . . knowingly and voluntary enter his plea of guilty with an understanding of the nature of the charge against him and the consequences of his plea.

The Court also notes there are factual basis [sic] to his plea.

\* \* \*

THE COURT:   All right.

At this time the Court will grant the Motion for Informal Adjustment.

The granting of the Motion for Informal Adjustment shall be conditioned on the following:

Number one.  That the Defendant enroll in and remain in [an] anger management program with the Child and Family Services.  And shall remain in such program to which time he is clinically discharged.

Next, number two.  That he enroll in family counseling with the Child and Family Services. And shall remain in such program to which time he is similarly — clinically discharged.

\* \* \*

Then the third and final condition is that you remain arrest and conviction free for a period of one year from this date.

June 26, 1990 Transcript at 8–12.

The oral order did not specify any deadline for Wong's making contact with CFS.  The written order (June 26, 1990 Order) was entered on the same day as the oral order, but later in the day.  It granted Wong's written motion "for a period of one (1) year from date of this order

and subject to the Terms and Conditions below." As noted above, the "Terms and Conditions below" required Wong to: contact CFS "within two (2) weeks from this date"; enroll in and complete CFS's anger management and family counseling programs; and remain arrest and conviction free for a period of one year.

Wong waited for a copy of the June 26, 1990 Order but never received it. The court mailed a copy to Wong's counsel, but counsel did not forward a copy to Wong. The record does not reveal why.

A report that Wong failed to contact CFS within two weeks of the June 26, 1990 Order was signed by a CFS officer on July 19, 1990, received by the Adult Services Branch on July 23, 1990, and filed in this case on April 15, 1991. It stated that Wong's address and phone number were unknown. However, there is no evidence of that fact on the record. On May 22, 1991, the State filed a Motion for Revocation of Informal Adjustment and Resentencing (May 22, 1991 Motion).

At a July 9, 1991 hearing, Wong argued that the State's May 22, 1991 Motion should not be granted because he never received actual notice of the conditions of his informal adjustment, in violation of HRS § 706–624(3) (Supp. 1992) and his constitutional right to due process. The court, however, did not see "actual notice" as an issue and determined that once Wong heard the oral order and knew that a written order was to be issued, the burden was on him to "follow up" on the order by contacting either his attorney or CFS. The court therefore revoked the June 26, 1990 Order and accepted Wong's guilty plea as follows:

THE COURT: Okay.

Under the circumstances the Court is revoking the granting of the Informal Adjustment. Under the circumstances I'm revoking it.

And the Court at this time will — based on the earlier plea that was entered — based on the hearing before Judge Fong on June 26th, 1990 where there was a plea change to guilty pending the Informal Adjustment, Court at this time will enter then a finding of guilt.

And will so —

MS. BARNARD: Your Honor, is that the Court's procedure. I thought the Court's procedure was to proceed to trial on the —

THE COURT: No.

He already had entered a guilty plea.

And — and the Court had indicated earlier on, that generally speaking in Informal Adjustment cases we would take the guilty plea.

And if in the future the person failed to perform under the Informal Adjustment then at that point the sentencing would kick in as it relates to the guilty plea.

The — the Court has determined — in essence it's — it's treating it as if — in essence like a deferred acceptance of guilty.

Under the circumstances the Court will be ordering that Mr. Wong serve two days in jail as well as participate in the anger management program at Child and Family Service and also the family counseling program there.

\* \* \*

July 9, 1991 Transcript at 21–22.

## DISCUSSION

### A.

HRS § 709–906(1) (Supp. 1992) states in relevant part as follows: "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]" When a defendant is convicted of having violated HRS § 709–906, HRS § 709–906(5) (Supp. 1992) mandates a jail sentence and counseling as follows:

(5) * * *

(a) For the first offense the person shall serve a minimum jail sentence of forty–eight hours; and

(b) For a second offense and any other subsequent offense which occurs within one year of the previous offense the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days.

(6) Whenever a court sentences a person pursuant to [subsection] (5), it shall also require that the offender undergo any available domestic violence treatment and counseling programs ordered by the court. However, the court may suspend any portion of a jail sentence, except for the mandatory sentences under [subsection] (5)(a) and (b), upon the condition that the defendant remain arrest–free and conviction–free or complete court ordered counseling.

Wong, in an effort to avoid HRS § 709–906(5)(a)'s mandatory jail term, moved for an informal adjustment of his case without prosecution, pursuant to HRS § 571–42. That statute provides in relevant part as follows:

**Procedure in adult cases.** In any criminal proceeding arising under section 571–14 the

court, with the consent of the defendant or the parties in interest, may make a preliminary investigation and such adjustment as is practicable, without prosecution. The procedure and disposition applicable in the trial of such cases in a criminal court shall be applicable to any trial in the family court. On request of the court, the appropriate prosecuting officer shall prepare and prosecute any criminal case within the purview of section 571–14.

\* \* \*

The authority to informally adjust a criminal proceeding without prosecution is unique to the family court. HRS § 571–42 had its genesis in Act 232, 1965 Haw. Sess. Laws 360, which created the family court system. Act 232 was fashioned after the Standard Family Court Act (SFCA), "a comprehensive project of the National Probation and Parole Association, the National Council of Juvenile Court Judges and the Children's Bureau of the United States Department of Health, Education and Welfare." Hse. Stand. Comm. Rep. No. 130 in 1965 House Journal at 550. The first two paragraphs of HRS § 571–42 are nearly identical to section 20 of the SFCA, and the comment to section 20 observes:

Although the regular criminal procedure is applicable to prosecutions in the family court, as constitutionally required, there is the possibility in any criminal case for adjustment of complaints, particularly where the accused and the victim have a close relationship. This is true not only in family cases but in many cases in which children are victims.

Standard Family Court Act § 20 comment (National Council on Crime and Delinquency 1959) at 45.

In Wong's case, the question is whether the adjustment was done "without prosecution." Since it was done after Wong entered his plea of guilty, we conclude that it was not.

## B.

In contrast to HRS § 571–42's informal adjustment authorization, HRS § 853–1(a) (1985) permits deferred acceptances of guilty pleas (DAGPs) or nolo contendere pleas (DANCPs) "[w]hen a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor[.]" However, HRS § 853–4(2) (1985) explicitly does not permit a DAGP or a DANCP when "[t]he offense charged involves the intentional, knowing, or reckless bodily injury or serious bodily injury of another person[,]" and HRS § 707–700 (Supp. 1992) defines "bodily injury" as "physical pain, illness, or any impairment of physical condition."

It is sometimes difficult to determine exactly what physical acts and omissions are and are not included within the phrase "to physically abuse" as that phrase is used in HRS § 709–906(1). *See State v. Tripp*, 71 Haw. 479, 795 P.2d 280 (1990); *State v. Laborde*, 71 Haw. 53, 781 P.2d 1041 (1989); *State v. Kameenui*, 69 Haw. 620, 753 P.2d 1250 (1988). Consequently, it is sometimes difficult to determine whether a charge of physically abusing a family member "involves the intentional, knowing, or reckless bodily injury or serious bodily injury of another person." In Wong's case, however, it appears and the State has admitted that Wong was charged with an offense that did not permit a DAGP or DANCP.

## C.

The record leads us to the following conclusions:

1. The family court reasonably did not want to convict Wong of the charge.

2. The family court wanted to defer its acceptance of Wong's guilty plea upon conditions. However, HRS § 853–4(2) forbade a deferred acceptance of a guilty plea (DAGP).

3. A nonconviction alternative available to the family court was an informal adjustment without prosecution pursuant to HRS § 571–42. However, the family court did not want to unconditionally adjust without prosecution because, if Wong repeated, the State would not have the benefit of Wong's guilty plea, might be barred from re–charging Wong for this offense, *see State v. Dunn*, 8 Haw. App. 238, 242 n.7, 798 P.2d 908, 910 n.7 (1990) and, if it was not barred, would have to start again at the beginning. It wanted a more certain threat hanging over Wong's head to motivate him not to repeat.

4. When the family court required Wong to plead guilty before it entered its June 26, 1990 Order granting Wong's May 29, 1990 motion for adjustment without prosecution, the family court exceeded its powers under HRS § 571–42. When the family court implicitly entered a DAGP pursuant to HRS § 853–1 (1985 and Supp. 1992) and conditioned the deferral upon Wong's (a) submitting to counseling according to schedule; and (b) not committing any subsequent offenses, the family court violated HRS § 853–4(2). When Wong failed to satisfy (a), the counseling–according–to–schedule condition, the family court implicitly acted pursuant to HRS §§ 853–3 (1985) and 709–906(5), implicitly revoked its DAGP, implicitly

accepted his guilty plea, and expressly sentenced him to counseling/treatment and two days' incarceration.

The appropriate way to allow the family court to comply with the applicable statutes is to revert this case back to its status when Wong filed his May 29, 1990 Motion for Order for Preliminary Investigation and Such Adjustment as is Practicable Without Criminal Prosecution and to allow the family court to reconsider its response in the light of this opinion.

The family court is not authorized to defer acceptance of Wong's guilty plea. However, it is authorized, prior to the entry of a plea and upon Wong's request, to informally adjust this case without prosecution by dismissing the charges against Wong without prejudice. As the price for not having the charges re–filed, the family court may require Wong to satisfy reasonable conditions within a reasonable period of time. One of the conditions may be Wong's unconditional and irrevocable waiver of all time limitations otherwise applicable. Other conditions may be those imposed by the family court in this case.

It appears that the family court's fears about informally adjusting the charge against Wong have by now disappeared. If Wong has not repeated, it appears appropriate for the family court to conclude this case by way of an informal adjustment.

### D.

Our disposition of this appeal does not require us to rule upon Wong's points on appeal. In light of our remand, however, we will discuss a part of Wong's point pertaining to the ineffective assistance of Wong's counsel in the family court.

The family court revoked the DAGP because it concluded that (a) Wong was responsible for his counsel's

ineffective assistance; or (b) Wong failed to perform a duty to inquire whether the family court had entered judgment. Since this is a criminal case, we conclude that basis (a) should not be held against Wong. The validity of basis (b) is questionable. *Cf.* HRS § 706–624(3) (Supp. 1992) (A defendant shall be given a written copy of any conditions of probation. According to the commentary, the intent is to provide the defendant with notice of what is expected of the defendant in a form which will not escape the defendant's memory). Even assuming basis (b) authorized the family court to sanction Wong, it is probable that the revocation of its prior grant of a DAGP in those circumstances would be an excessive sanction and an abuse of discretion.

## CONCLUSION

Accordingly, we (1) vacate (a) defendant Herbert Wong's plea of guilty and (b) the family court's June 26, 1990 order granting Wong's May 29, 1990 "Motion for Order for Preliminary Investigation and Such Adjustment as is Practicable Without Criminal Prosecution"; (2) reverse the family court's July 9, 1991 order granting the State's May 22, 1991 "Motion for Revocation of Informal Adjustment and Resentencing"; and (3) remand for further proceedings consistent with this opinion.

*Nelson W.S. Goo* for defendant–appellant.

*Charlotte J. Duarte*, Deputy Prosecuting Attorney (*Doraine M. Belnap*, Deputy Prosecuting Attorney, on the brief), City and County of Honolulu, for plaintiff–appellee.