**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **TIM S. WHITE**, Defendant–Appellant

NO. 16244

(CR. NO. C8–91–12–17)

JANUARY 28, 1994

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Tim S. White (White) appeals the district court's March 17, 1992 decision finding him guilty of Theft in the Fourth Degree, Hawai'i Revised Statutes (HRS) § 708–833(1) (Supp. 1992). On May 12, 1992, White was sentenced to pay a $100 fine. We affirm.

## FACTS

Nelson Miller (Miller), a store detective at the Princeville Foodland Supermarket (PFS), testified that,

on November 15, 1991, White entered PFS with Ladonia Gouveia (Gouveia). Gouveia was carrying a blue purse with a drawstring. Miller saw Gouveia go to the cigarette rack, remove four packs of cigarettes, and proceed to the liquor department. At the liquor department, White removed a bottle of "Ramie Martin (phonetic spelling)" Cognac, gave the bottle to Gouveia, and Gouveia put it into her blue bag. White and Gouveia then went to the front of PFS, met up with Gouveia's daughter, bypassed two operational cash registers, and exited PFS without making any attempt to pay for the merchandise concealed in Gouveia's purse.

White testified that:

> A. I went into the store with two or three other people. They was shopping their way and I was just kinda wandering around. They was at the checkout stand and I was over by the camera department looking at the stuff they had there. And then when I got ready to leave the store, I was arrested, handcuffed.

Transcript, March 17, 1992 at 20.

At defense counsel's request, the district court took judicial notice that Gouveia pled guilty to the charge.

### DISCUSSION

#### 1.

White contends that there was insufficient evidence to support the judgment. Specifically, he argues that the evidence did not prove his intent. We disagree. HRS § 702–222 (1985) states in relevant part as follows:

> A person is an accomplice of another person in the commission of an offense if:

(1)   With the intention of promoting or facilitating the commission of the offense, he:

* * *

(b)   Aids . . . or attempts to aid the other person in . . . committing it[.]

* * *

The Hawai'i Supreme Court has stated that:

since intent can rarely be proved by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent.  Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all circumstances.

*State v. Sadino*, 64 Haw. 427, 430, 642 P.2d 534, 536–37 (1982) (citations omitted).

Viewing the evidence in the light most favorable to the State, *State v. Tripp*, 71 Haw. 479, 795 P.2d 280 (1990), the evidence was sufficient to support a reasonable inference that White intended to promote or facilitate a crime.

### 2.

White contends that the district court erroneously denied his Hawai'i Rules of Penal Procedure Rule 29 motion for judgment of acquittal which he made at the close of the evidence offered by the prosecution.  Based on our decisions stated in section 1 above, we disagree.

The State contends that White waived his right to challenge the denial of his motion when he introduced evidence after his motion was denied. *State v. Halemanu*, 3 Haw. App. 300, 650 P.2d 587 (1989).  The State is wrong.  The rule of *Halemanu* applies in jury trials.  It does not apply in jury–waived trials. 2 WRIGHT,

FEDERAL PRACTICE AND PROCEDURE: *Criminal* 2d § 469 at p. 673 (1982).

## CONCLUSION

Accordingly, we affirm the district court's May 12, 1992 judgment convicting defendant Tim S. White of Theft in the Fourth Degree, HRS § 708–833(1), and sentencing him to pay a $100 fine.


*Stephen M. Shaw* on the brief for defendant–appellant.

*Gilbert P. Kea*, Deputy Prosecuting Attorney, County of Kaua'i, on the brief for plaintiff–appellee.