966 P.2d 604

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Mohamed El Cheikl KAMAL,
Defendant–Appellant.**

No. 20162.

Supreme Court of Hawai'i.

June 29, 1998.

As Amended June 30, 1998.

Reconsideration Denied
Aug. 31, 1998.

Richard Sing, Deputy Public Defender, for defendant-appellant Mohamed El Cheikl Kamal, on the brief.

Donna M. Woo, Special Deputy Attorney General, for the plaintiff-appellee State of Hawai'i, on the brief.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, for the plaintiff-appellee State of Hawai'i.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

LEVINSON, Justice.

The defendant-appellant Mohamed El Cheikl Kamal appeals from the judgment and conviction of "peddling," in violation of Revised Ordinances of the City and County of Honolulu (ROCCH) § 29–6.2(b)(7) (1996).[1] On appeal, Kamal argues (1) that he was not "selling" his services and, therefore, that his activities did not fall within the ambit of the peddling ordinance and (2) that the peddling ordinance is unconstitutionally vague, inasmuch as it does not clearly define the activity it seeks to prohibit. Because Kamal's points on appeal are without merit, we affirm the district court's judgment of conviction entered against him.

1. ROCCH 29–6.2 provides in relevant part:
   **Regulations affecting peddlers.**

   . . . .

   (b) Notwithstanding any ordinance to the contrary, it is unlawful for any person to sell or offer for sale, rent or offer for rent, goods, wares, merchandise, foodstuffs, refreshments or other kinds of property or services in the following areas:

   . . . .

   (7) Waikiki Peninsula upon the public streets, alleys, sidewalks, malls, parks, beaches and other public places in Waikiki commencing at the entrance to the Ala Wai Canal, thence along the Ala Wai Canal to Kapahulu Avenue, thence, along the diamond head property line of Kapahulu Avenue to the ocean, thence along the ocean back to the entrance of the Ala Wai Canal[.]

## I. BACKGROUND

On May 9, 1996, Honolulu Police Department (HPD) Officer Larry Kahn–Smith observed Kamal drawing caricatures on a public sidewalk located at the corner of Kalākaua and Seaside Avenues, on the Waikīkī Peninsula. A sign adjacent to Kamal's easel read, "My art is not for sale. Though I heartily accept donations. Thank you for supporting my art." When Officer Kahn–Smith observed a man receive a drawing from Kamal and give Kamal an unknown amount of money, Officer Kahn–Smith cited Kamal for violation of the peddling ordinance.

Prior to the May 9, 1996 incident, Kamal had been warned by police that peddling was not permitted in Waikīkī. Accordingly, Kamal contacted Tim Turner, a representative of the City and County of Honolulu's Office of Information and Complaint. He was told, "We have rules which *might* affect you," and was given a copy of the applicable ordinance. (Emphasis added.) In Kamal's view, his activity was not prohibited by the statute.

At trial, Officer Kahn–Smith conceded that he had not heard Kamal ask for money from anyone, nor had he heard any bartering about price between Kamal and the recipient of the sketch. Kamal testified that some of the people he sketched did not give him money for his art:

> [S]ometimes I get people sitting for me shaking hands, giving me nothing. I don't force people to give me anything. I have many occasions and I know people who are still coming, bring their children to do them and they don't give me anything. They say just thank you, we appreciate your gratuitous [sic]. This is the payment I get from them.

Kamal's counsel attempted to analogize his client's conduct with that of the plaintiff in *Sunn v. City and County of Honolulu*, 852 F.Supp. 903 (D.Haw.1994), in which the United States District Court for the District of Hawai'i, relying on decisions of the state district courts, ruled that a street musician who accepted donations was not peddling in violation of ROCCH § 29–6.2. However, the trial court ruled that the facts in the instant matter were distinguishable from those of *Sunn* because: (1) Sunn's music was directed at the general public, whereas Kamal's caricatures were of specific individuals; and (2) those who made donations to Kamal had tangible mementos of the donations, while Sunn's listeners did not. Accordingly, Kamal was convicted of peddling. This appeal followed.

## II. STANDARDS OF REVIEW

### A. Conclusions Of Law

We review the trial court's [conclusions of law] *de novo* under the "right/wrong" standard. *Raines v. State*, 79 Hawai'i 219, 222, 900 P.2d 1286, 1289 (1995). "Under this ... standard, we examine the facts and answer the question without being required to give any weight to the trial court's answer to it." *State v. Miller*, 4 Haw.App. 603, 606, 671 P.2d 1037, 1040 (1983). *See also Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 119, 839 P.2d 10, 28, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992). Thus, a [conclusion of law] "is not binding upon the appellate court and is freely reviewable for its correctness." *State v. Bowe*, 77 Hawai'i 51, 53, 881 P.2d 538, 540 (1994) (citation omitted).

*State v. Kane*, 87 Hawai'i 71, 74, 951 P.2d 934, 937 (1998) (quoting *Aickin v. Ocean View Investments Co.*, 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997)) (brackets in original).

### B. Interpretation Of A Statute

"[T]he interpretation of a statute [or ordinance] ... is a question of law reviewable *de novo*." *State v. Arceo*, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (quoting *State v. Camara*, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996) (citations omitted)). *See also State v. Toyomura*, 80 Hawai'i 8, 18, 904 P.2d 893, 903 (1995); *State v. Higa*, 79 Hawai'i 1, 3, 897 P.2d 928, 930, *reconsideration denied*, 79 Hawai'i 341, 902 P.2d 976 (1995); *State v. Nakata*, 76 Hawai'i 360, 365, 878 P.2d 699, 704, *reconsideration denied*, 76 Hawai'i 453, 879 P.2d 558 (1994), *cert. denied*, 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).

*Gray v. Administrative Dir. of the Court,* 84 Hawai'i 138, 144, 931 P.2d 580, 586, (1997) (some brackets added and some in original). *See also State v. Soto,* 84 Hawai'i 229, 236, 933 P.2d 66, 73 (1997). Furthermore, our statutory construction is guided by established rules:

> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. . . .

*Gray,* 84 Hawai'i at 148, 931 P.2d at 590 (quoting *State v. Toyomura,* 80 Hawai'i 8, 18[ ], 904 P.2d 893, 903[ ] (1995)) (brackets and ellipsis points in original) (footnote omitted). . . . "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

*State v. Davia,* 87 Hawai'i 249, 254, 953 P.2d 1347, 1352 (1998) (quoting *Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan,* 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998)) (some brackets added and some in original).

### C. *Challenge Of An Ordinance As Unconstitutionally Vague*

When confronted with a constitutional challenge of a penal statute [or ordinance] on the grounds of vagueness . . . , we apply a number of principles on appeal. First,

> [t]he constitutionality of a statute [or ordinance] is a question of law which is reviewable under the right/wrong standard. Additionally, where it is alleged that the legislature has acted unconstitutionally, this court has consistently held that every enactment of the legislature is presumptively constitutional, and a party challenging the statute [or ordinance] has the burden of showing unconstitutionality beyond a reasonable doubt. The infraction should be plain, clear, manifest, and unmistakeable.

*State v. Lee,* 75 Haw. 80, 90–91, 856 P.2d 1246, 1253 (1993) (citations omitted) (internal quotation marks, ellipsis points, and brackets deleted).

Second, we construe penal statutes [or ordinances] narrowly, considering them in the light of precedent, legislative history, and common sense. " '[W]hatever may be said of the rule of strict construction, it cannot provide a substitute for common sense, precedent, and legislative history. We cannot construe [a statute or ordinance] in a vacuum. Nor can we read it as Baron Parke would read a pleading.' " *State v. Taylor,* 49 Haw. 624, 634, 425 P.2d 1014, 1021 (1967).

Third, where possible, we will read a penal statute [or ordinance] in such a manner as to preserve its constitutionality.

> "To accord a constitutional interpretation of a provision of broad or apparent unrestricted scope, courts will strive to focus the scope of the provisions to a narrow and more restrictive construction. . . .
>
> "Provisions of a penal statute [or ordinance] will be accorded a limited and reasonable interpretation under this doctrine in order to preserve [its] overall purpose and to avoid absurd results."

*Id.* at 635, 425 P.2d at 1021. Put differently, " '[a statute or ordinance] will not be held unconstitutional by reason of uncertainty if any sensible construction embracing the legislative purpose may be given it. Mere difficulty in ascertaining its meaning, or the fact that it is susceptible to interpretation will not render it nugatory.' " *Id.*
. . . .

In *Lee, supra,* we recently synthesized our conceptual approach to constitutional challenges of penal statutes [or ordinances] on vagueness grounds as follows:

> To date, this court has treated claims that a criminal statute [or ordinance] is unconstitutionally vague as essentially facial attacks, subject to the following standard:
>
> > Due process of law requires that a penal statute [or ordinance] state with reasonable clarity the act it proscribes and provide fixed standards for adjudging guilt, or the statute [or ordinance] is void for vagueness. Statutes

[or ordinances] must give the person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may choose between lawful and unlawful conduct.

*State v. Tripp*, 71 Haw. 479, 482, 795 P.2d 280, 282 (1990). This standard is essentially indistinguishable from the applicable standard under federal law. Thus we have so far not departed from federal constitutional law in the area of "void for vagueness" challenges to criminal statutes [or ordinances].

. . . [U]nder the applicable federal law, a criminal statute [or ordinance] is void for vagueness unless: it 1) "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he [or she] may act accordingly[;]" and 2) "provide[s] explicit standards for those who apply" the statute, in order to avoid "arbitrary and discriminatory enforcement" and the delega[tion] of basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis[.]" *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

*Lee*, 75 Haw. at 92–93, 856 P.2d at 1254. . . .

As a further preliminary matter, we note that "[p]enal statutes [or ordinances] are to be strictly construed. . . .

*State v. Gaylord*, 78 Hawai'i 127, 137–38, 890 P.2d 1167, 1177–78 (1995) (some brackets and ellipses in original and some added) (footnotes and some citations omitted).

### III. *DISCUSSION*

#### A. *Any Transfer Of Property Or Provision Of Services For Consideration Is A Sale.*

■ The parties apparently agree that the resolution of this case turns upon the definition of the words "sell or offer for sale" as they are employed in the peddling ordinance. *Black's Law Dictionary* (6th ed.1991) defines "sale" in relevant part as a "transfer of prop-

erty [or] providing of services for consideration." *Id.* at 1337.

The foregoing definition is in accord with the legislatively defined meanings of the terms "sale" and "to sell" as they are utilized in various Hawai'i statutes. For example, Hawai'i Revised Statutes (HRS) § 712–1240 (1993) (pertaining to the regulation of promotion and possession of drugs and intoxicating compounds) provides in relevant part that " '[t]o sell' means to transfer to another for consideration." HRS § 237–43(d) (Supp. 1997) (pertaining to the general excise tax) defines "sale" as "transfer of property for consideration" and a "seller" as "any person who sells or transfers any property. . . ." HRS § 328K–7(c) (Supp.1997) (pertaining to the sale of cigarettes) provides in relevant part that " 'sell' or 'sale' means to . . . to deliver for value or in any other manner than purely gratuitously; *to peddle;* . . . or to traffic in." (Emphasis added.) These statutory definitions reflect a common legislative understanding of the terms "sale" and "to sell" that clearly extends to and includes the conduct for which Kamal was prosecuted in the present case. Notwithstanding that he was not paid for *all* of the drawings he distributed, whenever Kamal accepted valuable consideration for one of his drawings, as he did in the present case, he engaged in a "sale" pursuant to the plain meaning of ROCCH § 29–6.2.

#### B. *ROCCH § 29–6.2 Is Not Unconstitutionally Vague.*

■ Kamal next contends that ROCCH § 29–6.2 is unconstitutionally vague, inasmuch as the peddling ordinance does not expressly define the word "sell" and, therefore, does not inform "artists, nor law enforcement, nor anyone else . . . which activities are permitted and which prohibited." However, the absence of an express definition of the word "sell" in ROCCH § 29–6.2 is not constitutionally fatal because we interpret statutes *in pari materia* and, as the above discussion demonstrates, numerous definitions of the terms "sell" and "sale," all of which are consistent with one another, may be found in the laws of Hawai'i. More-

**296**

over, the term "sell" has a definite, widely-understood meaning consonant with these definitions. Accordingly, we hold that ROCCH § 29–6.2 affords a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she may act accordingly and, therefore, is not unconstitutionally vague.

### IV. CONCLUSION

For the reasons outlined above, Kamal's points of error on appeal are without merit. Accordingly, we affirm the judgment against him and his conviction for violating ROCCH § 29–6.2(b)(7).