LAW LIBRARY

NO. 28877

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAWRENCE CORDER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NOS. 07-1-1080; 06-1-2012; and 07-1-1048)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Lawrence Corder (**Corder**) appeals from Counts II and III of the Judgment of Conviction and Sentence (**Conviction and Sentence**)[1] for two offenses of Violation of an Order for Protection under Hawaii Revised Statutes (**HRS**) § 586-11 (2006), entered on November 29, 2007, by the Family Court of the First Circuit (**Family Court**) in FC-CR No. 07-1-1080.[2]

On March 31, 2009, this court entered a Summary Disposition Order vacating the Conviction and Sentence on the grounds that:

> The Family Court abused its discretion in denying Corder's alternative request for a bill of particulars because the Family Court failed to consider whether, under the circumstances, the bill of particulars was necessary to Corder's preparation for trial and to prevent him from being prejudicially surprised as to what acts he allegedly committed in violation of the Extended Order.

Judgment was entered on May 21, 2009 and an application for writ of certiorari was timely filed.  On November 19, 2009,

---

[1]     On October 12, 2007, a jury found Corder not guilty as to Count I and guilty as to Counts II and III of the complaint.  Count I charged Corder with committing the same offense alleged in Counts II and III, but on a different date.  Corder was acquitted of the charges brought in FC-Criminal Nos. 06-1-2012 and 07-1-1048.

[2]     The Honorable Rhonda A. Nishimura presided.

1

court erred in concluding that the Family Court abused its discretion in denying Corder's request for a bill of particulars. The supreme court reversed the decision of this court and remanded the case to this court to address the remaining four points of error raised by Corder in his opening brief.

In the remaining four points of error, Corder contends:

> [1] The trial court erred in denying Defendant's requested jury instruction re: ambiguous orders;

> [2] The trial court erred in denying Defendant's motion for judgment notwithstanding verdict with respect to Count III;

> [3] The trial court erred in sentencing Defendant without allowing him an opportunity to address the court as required by H.R.P.P., Rule 32(a); and

> [4] The sentence is illegal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Corder's points of error as follows:

(1) Regarding the jury instructions, Corder argues:

> [I]n the absence of an election by the prosecution specifying exactly what conduct was allegedly wrongful, if the jury was being allowed to interpret the meaning of the order, they should have properly been instructed that any ambiguity must be resolved in Mr. Corder's favor. This should have been done, even if the prosecutor had made an election as it was relevant to the issue of intent. Mr. Corder should not have been found guilty if he was being charged with something that was ambiguously prohibited by the order.

(Citations omitted.)

Corder does not otherwise argue that the jury was improperly instructed on the issue of intent or the prosecution's burden of proof in this case. The requested jury instruction, entitled Defendant's Supplemental Instruction No. 1, read:

> The law requires that a [court order] state with reasonable clarity the act it proscribes and provide fixed standards for adjudging guilt[, or the order is void for vagueness]. [Orders] must give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may choose between lawful and unlawful

2

conduct. *State v. Tripp*, 71 Haw. 479, 482, 795 P.2d 280, 282 (1990).
If you find that the order for protection is ambiguous, you must resolve any such ambiguity in favor of Mr. Corder. STATE v. ALULI, 78 Haw. 317, 321 (1995); STATE v. BUCH, 83 Haw. 308, 327 (1996); STATE v. MAHOE, 88 Haw. 181, 184 (1998); STATE v. BAUTISTA, 86 Haw 207, 210 (1997); STATE v. COELHO, 107 Haw. 273, 277 (App. 2005)

Corder argued, generally, that the Extended Order was ambiguous and that this instruction was necessary to provide him with due process of law. The DPA responded that an Arceo instruction would be appropriate instead of Defendant's Supplemental Instruction No. 1, that the Extended Order was clear, and that the jurors could interpret the Extended Order themselves. The Family Court denied Corder's requested jury instruction, stating:

> . . . the redacted protective order [] states what it states. As to how the jury interprets, that's for the jury but also for the attorneys. If they wish to persuade the jury to adopt their, uh, respective interpretations, it's up to the attorneys in their closing argument. Tie it in to the particular facts. And also the requisite state of mind.

(Format altered.)

The Family Court approved the Arceo instruction, which was given by agreement, and which stated the following:

**COURT'S GENERAL INSTRUCTION NO. 35**
**8.02 UNANIMITY INSTRUCTION**
The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all jurors must unanimously agree that the same act has been proven beyond a reasonable doubt.

We reject Corder's argument that the extended order for protection was ambiguous. Moreover, the cases cited by Corder address the issue of statutory construction, not purportedly ambiguous court orders. Corder has failed to provide any persuasive authority to support the requested instruction. The Family Court's Arceo instruction properly instructed the jury on the necessity of reaching a unanimous verdict on the same underlying act. Accordingly, we conclude that the omission of

the requested jury instruction did not render the jury instructions prejudicially insufficient, erroneous, inconsistent, or misleading. See State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006).

(2) Corder argues that there was no basis for finding a violation as to the younger child, and also no violation as to the older child, who had the discretion to make contact with Corder and had testified that contact was made by the older child's initiation, except for the initial contact. Corder argues that the school should be considered a neutral location under the extended order for protection and that paragraph 4 of the extended order, which prohibits Corder from coming within 100 feet of mother, should apply to the children. Corder claims that the older child did not testify that he came within 100 feet of the younger child at any time on January 19, 2007. This is inaccurate because the older child testified that Corder came within 30 to 40 feet of the younger child. In his reply brief, Corder argues that on Defendant's Exhibit D-1, the older child marked the locations of the younger child and Corder where they stood nearest each other. Corder argues that this distance was 125 feet away, thus, more than 100 feet away.

Regardless of how many feet Corder came within the two children, the record on appeal shows that the older child told Corder to leave and Corder refused. Also, the record contains substantial evidence of Corder's proximity to the younger child's school, to the older child, and to the younger child, sufficient to support a finding of impermissible contact in violation of the Extended Order.

Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude that the Family Court did not err in denying Corder's Motion for JNOV as to Count III.

(3) In the opening brief, Corder argues that his statement to the Family Court at the initial sentencing hearing

held on October 18, 2007, could not be considered a fair opportunity to be heard because it was made before the pre-sentence investigation report was filed.[3] In the reply brief, Corder further argues that at the continued sentencing hearing held on November 19, 2007, he was not given a fair opportunity to address the issue of his disposition or mitigation of punishment because he was not invited to make his statement until after the Family Court first announced the disposition.

"Allocution is the defendant's right to speak before sentence is imposed." State v. Chow, 77 Hawai'i 241, 246, 883 P.2d 663, 668 (App. 1994) (citation, brackets, and internal quotation marks omitted). The right of allocution is a right guaranteed under the due process clause, article I, section 5, of the Constitution of the State of Hawai'i. State v. Schaefer, 117 Hawai'i 490, 498, 184 P.3d 805, 813 (App. 2008). HRS § 706-604 (1993 & Supp. 2006) states in relevant part:

> **§ 706-604 Opportunity to be heard with respect to sentence; notice of pre-sentence report; opportunity to controvert or supplement; transmission of report to department.** (1) Before imposing sentence, the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition.
> (2) The court shall furnish to the defendant or the defendant's counsel and to the prosecuting attorney a copy of the report of any pre-sentence diagnosis or psychological, psychiatric, or other medical examination and afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert or supplement them.

Under HRS § 706-604(2), the defendant has a right to controvert or supplement the pre-sentence investigation report, but the statute is silent as to whether the defendant's opportunity to be heard must occur entirely after receiving the report. Instead, HRS § 706-604(1) provides that the court shall afford the defendant a fair opportunity to be heard "[b]efore imposing sentence[.]"

_____

[3] Corder waived the pre-sentence investigation report and objected when the State requested that the court order a pre-sentence report.

Hawai'i Rules of Penal Procedure (**HRPP**) Rule 32(a) further provides that "[b]efore suspending or imposing sentence, the court shall address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of punishment." At the initial sentencing hearing, the Family Court gave Corder the opportunity to make a statement. However, over Corder's objections, the court ordered the preparation of a pre-sentence investigation report before imposing Corder's sentence. Corder failed to identify any reasons why making his statement prior to the filing of the pre-sentence investigation report did not constitute, at least in part, a fair opportunity to be heard before the Family Court imposed its sentence.

In addition, at the continued sentencing hearing, as the Family Court announced the granting of the State's motion for consecutive sentence, Corder asked the court if he had the chance to say something before he was sentenced. The court's response was: "Of course, you can." Although this portion of the November 29, 2007 hearing transcript has several "unintelligible" entries, it is clear that the Family Court invited Corder to offer anything else that he wished to submit at that time. Corder then gave a further uninterpreted statement to the court that is memorialized in over seven transcript pages. After Corder finished his statement, the court finished announcing Corder's sentence: "Forthwith. Credit for time." After the court asked if the parties had anything further to add, the hearing was concluded, and the Judgment of Conviction and Sentence was then entered. On appeal, Corder has not alleged that he was unable to fully address issues related to his disposition or that the court failed to consider his statement prior to the conclusion of the sentencing hearing and the entry

of his sentence. Rather, Corder alleges that the timing of his statements rendered his sentence constitutionally infirm.

Based on the record in this case, we conclude that the Family Court provided Corder a fair opportunity to be heard on the mitigation of his sentencing and the issues related to his disposition, and that the Family Court did not violate Corder's right of allocution.

(4) In his opening brief, Corder challenges the two consecutive terms of one-year imprisonment on the ground that HRS § 586-11(a)(1)(A) limits a jail sentence to 48 hours. However, in his reply brief, Corder notes that he overlooked one of the provisions in HRS § 586-11(a). He concedes to the legality of a sentence of one-year imprisonment, pursuant to HRS § 586-11(a), which provides, "Nothing in this section shall be construed as limiting the discretion of the judge to impose additional sanctions authorized in sentencing for a misdemeanor offense."

Pursuant to HRS § 586-11(a), a person who knowingly or intentionally violates the order for protection is guilty of a misdemeanor. According to HRS § 706-663 (1993), after considering the factors set forth in HRS §§ 706-606 and 706-621,[4] the court may sentence a person who has been convicted of a misdemeanor or a petty misdemeanor to imprisonment for a definite term to be fixed by the court and not to exceed one year.

For multiple sentences of imprisonment, HRS § 706-668.5 (1993) provides:

> (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. Multiple terms of imprisonment

---

[4] HRS § 706-621 (1993) sets forth the factors to be considered in imposing a term of probation.

imposed at different times run consecutively unless the court orders that the terms run concurrently.
        (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

In State v. Smith, this court stated, "[t]here is no requirement, however, that the court expressly recite its findings on the record for each of the factors set forth in HRS § 706-606." 106 Hawai'i 365, 379, 105 P.3d 242, 256 (App. 2004) (citation omitted). We further stated, "[a]bsent clear evidence to the contrary, it is presumed that a sentencing court which has received a pre-sentence report and conducted the required sentencing hearing has considered all the factors set forth in HRS § 706-606 before imposing concurrent or consecutive terms of imprisonment." Id. (citation omitted).

At the hearing on the State's sentencing motion, the Family Court heard arguments from both parties and stated the following prior to making its ruling:

> The court has considered everything that has been submitted to it including the PSI. The supplement. (Unintelligible) letter and all arguments as well statements made by [mother] and a -- others as well as the defendant himself.
> In terms of responding to a motion for consecutive sentencing the court can also consider . . . charges against the defendant to which we have the defendant on felony probation but also more importantly we have him having been sentenced sometime in -- in 2006 for protective order violation charges.
> In that for that matter he was given 365 days jail with credit for time which involves the protective order concerning himself and [mother] . . . . .
> Including in that was also the harassment by stalking which also involved [mother].
> So we have a situation where the history of the defendant involving [mother] in terms of whether or not is he a good candidate or poor prospect for rehabilitation the court will find that defendant's prospect for rehabilitation is poor.
> In looking at the letters submitted to the court and -- and listening to the arguments presented to the court the court is also struck by the lack of remorse on the defendant's part.
> Therefore the court will grant the motion for consecutive sentence with respect to FC-CR No. 7-1-1080 for Count 2 and Count 3.

Here, Corder does not present any legal argument as to how the Family Court abused its discretion, nor does he cite to any part of the record demonstrating that the Family Court did not consider the factors listed under HRS § 706-606. Finally, he admits that he failed to object to the consecutive imprisonment terms in the proceedings below.

Based on the record before us, we conclude that the Family Court did not abuse its discretion by imposing two consecutive terms of one-year imprisonment for Counts II and III. See State v. Reis, 115 Hawai'i 79, 83, 165 P.3d 980, 984 (2007).

For these reasons, the Family Court's November 29, 2007 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, March 25, 2010.

On the briefs:

Walter R. Schoettle
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge